IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIN SNYDER and, )<br>ZACHARY RICHARDET, )<br>                Plaintiffs, )<br>)<br>v. )<br>)<br>APPLE INC., )<br>                Defendant. ) | <br><br><br><br>No. _____<br><br><br><br>PLAINTIFFS DEMANDS TRIAL BY JURY |

**CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

1.    Plaintiffs bring this action against Apple, Inc., individually and on behalf of those similarly situated, for surreptitiously collecting and obtaining their private location information in violation to their common law right to privacy and the Missouri Merchandising Practices Act.

**II.    PARTIES**

2.    Erin Snyder is a citizen of the State of Missouri and a resident of this district.  She owns an iPhone with iOS 4 operating system.

3.    Zachary Richardet is a citizen of the State of Missouri and a resident of this district. He owns an iPhone with iOS 4 operating system.

4.    Apple, Inc. ("Apple"), the maker of the iPhone and iPad, is a California corporation with its principal place of business in California.

**III.   JURISDICTION AND VENUE**

5.    This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. 1332(d)(2).  Plaintiffs are citizens of Missouri, Defendant is a citizen of California, and the amount in controversy exceeds $5,000,000.00.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiffs are residents of this district, many of the acts and transactions giving rise to this action occurred in this district, and because Apple:

   a.   is authorized to conduct business in this district and has availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

   b.   does substantial business in this district; and

   c.   is subject to personal jurisdiction in this district.

## IV.  FACTS

7.     Apple's iPhones and iPads are carried with users to essentially every location they travel to, making the information collected by Apple highly personal; indeed, in many instances it may be information to which employers and spouses are not privy.

8.     All iPhones and iPads log, record and store users' locations based on latitude and longitude alongside a timestamp. These mobile computing devices store this information in a file named "consolidated.db", or a similarly named file.  Apple intentionally began recording this information with the release of its iOS 4 operating system in June, 2010.  Apple uses a cell-tower triangulation to obtain user location.  Alternatively, Apple uses global positioning system (GPS) data to obtain user location.

10.    Apple devices download the user location data to the user's computer when the mobile device synchronizes ("syncs") or shares data with the computer. The data is unencrypted on the mobile devices and also on users' computers that sync with those mobile devices.

11.    Apple previously collected user location information through its applications, though not to the extent done by the iOS 4 operating system.  In the iTunes terms of service, Apple explains

that they "collect information such as occupation, language, zip code, area code, unique device identifier, location, and the time zone where an Apple product is used".

12. In its patent application for the iOS 4 operating system location-recording technology, Apple explained that the network information it collected could be accessed by an individual or an application to map the device user's location over time.

> The network information can be converted to estimated position coordinates (e.g., latitude, longitude, altitude) of the location aware device. The position coordinates can be stored in a location history database on the location aware device or made accessible on a network. A user or application can query the location history database with a timestamp or other query to retrieve all or part of the location history for display in a map view.
>            *       *       *
> The location history can be used to construct a travel timeline for the location aware device. The travel timeline can be displayed in a map view or used by location aware applications running on the location aware device or on a network. In some implementations, an Application Programming Interface (API) can be used by an application to query the location history database.

See U.S. Patent App. 20110051665.

13. Users of Apple's iPhones and iPads, including Plaintiffs and the putative Class, were unaware of Apple's tracking their locations.

14. Apple did not disclose that it comprehensively tracked its users in its terms of service. Plaintiffs and other users did not provide any sort of informed consent to the tracking at issue in this case. Apple collected the private location information covertly, surreptitiously and in violation of law.

15. Apple collected and obtained Plaintiffs' private location information by means of the operating system, by means of applications on Plaintiffs' mobile devices and these mobile devices were serviced at Defendant's stores,

16. The accessibility of the unencrypted information collected by Apple places

3

users at serious risk of privacy invasions, including stalking.  Moreover, this secretly-gathered private information may be subpoenaed and become public in the course of any litigation, including divorce proceedings.

17. Plaintiffs and proposed Class members were harmed by Apple's accrual of personal location, movement and travel histories because their personal computers were used in ways they did not approve, and because they were personally tracked by a tracking device for which a court-ordered warrant would ordinarily be required.

18. Plaintiffs and their proposed class suffered two different types of injuries.  First, Plaintiffs and their proposed class were injured and suffered a loss as a result of Apple's surreptitiously recording their customers' locations.  Their private information was surreptitiously stored on their mobile devices and transferred, without their knowledge or consent, to other computers and to third parties.  Second, Plaintiffs and their Class were injured by the risk of transfer of their location information to malicious third parties.  By surreptitiously storing this information on their iPhone and transferring to other computers and to third parties by means of Apple Applications, Plaintiffs and their proposed class face the risk of their private location information being obtained by malicious third parties and/or made public, for example, in the course of litigation.  Defendant's actions proximately caused losses and injuries to Plaintiffs and their proposed Class.  The damages incurred by Plaintiffs and their proposed Class exceed $5,000,000.00.

## V.     COUNT I – INVASION OF PRIVACY

19. Plaintiffs incorporate by reference all previous paragraphs of this Class Action Complaint as if fully as if fully set forth herein.

**Class Allegations**

20.     Plaintiffs' Class is defined as follows: all Missouri citizens who had a program or operating system installed on his or her iPhone or iPad by Defendant Apple that recorded their location surreptitiously, illegally and without their consent. Excluded from Plaintiffs' Class are: (1) Defendant, its employees, and all persons who have or had a controlling interest in the Defendant corporation; (2) Defendants' legal representatives, predecessors, successors and assigns; (3) the judge who is assigned to this case and his/her immediate family; (4) Plaintiffs' attorneys and their employees; (5) all persons who properly execute and file a timely request for exclusion from the class.

21.     Plaintiffs' proposed Class is comprised of thousands of Defendant's customers, the joinder of which is impracticable, and the members of the Class are so numerous that it is impractical to bring all of them before the Court in this action.  Moreover, the amount of damages suffered individually by each member of the Class is so small as to make suit for its recovery by each individual member of the Class economically unfeasible.

22.     Class treatment of the claims asserted herein will provide substantial benefit to both the parties and the court system. A well defined commonality of interests in the subject questions of law and fact affects Plaintiffs and all proposed members of the Class.

23.     There are common questions of law and fact applicable to the claims asserted on behalf of the Class. These common questions include but are not limited to:

   (a)     Whether Defendant collected and obtained the private location information of Plaintiffs and their proposed Class;

   (b)     Whether Plaintiffs and their proposed Class authorized Defendant to collect and obtained their private location information;

    (c)    Whether the location information collected and obtained Defendant was a secret and private subject matter;

    (d)    Whether Plaintiffs and their proposed Class had a right to keep their location information private from the public;

    (e)    Whether the manner in which Defendant surreptitiously collected and obtained Plaintiffs' private location information was unreasonable;

    (f)    Whether Plaintiffs and their proposed Class incurred damages;

    (g)    Whether Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

These questions of law and fact predominate over any questions affecting only individual members of Plaintiffs' class.

24.    Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interest antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

25.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because members of the Class number in the thousands and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiffs' claims is manageable.

26. Unless a class is certified and a class-wide injunction is issued, Defendant will continue to illegally collect and obtain the private location information of Plaintiffs and their proposed Class.

27. This action is maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Cause of Action

28. Plaintiffs' location at all times from when the iOS 4 operating system was installed on their iPhones until present was a secret and private subject matter. Plaintiffs have a right to keep this subject matter private from the public and unauthorized third parties.

29. The manner that in which Defendant surreptitiously collected and obtained Plaintiffs' private location information was unreasonable.

30. As a direct and proximate result of Defendant's actions, Plaintiff and the putative Class incurred damages in excess of $5,000,000.00.

31. Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

   **WHEREFORE**, Plaintiffs and their Class pray for the relief requested in the Request for Relief set forth below in this Class Action Complaint.


**VI.   COUNT II – MISSOURI MERCHANDISING PRACTICES ACT**

32. Plaintiffs incorporate by reference paragraphs 2 to 18 of this Class Action Complaint as if fully as if fully set forth herein.

## Class Allegations

33. Plaintiffs' Class is defined as follows: all Missouri citizens who had a program or operating system installed on his or her iPhone or iPad by Defendant Apple that recorded their location surreptitiously, illegally and without their consent. Excluded from Plaintiffs' Class are: (1) Defendant, its employees, and all persons who have or had a controlling interest in the Defendant corporation; (2) Defendants' legal representatives, predecessors, successors and assigns; (3) the judge who is assigned to this case and his/her immediate family; (4) Plaintiffs' attorney and his employees; (5) all persons who properly execute and file a timely request for exclusion from the class.

34. Plaintiffs' proposed Class is comprised of thousands of Defendant's customers, the joinder of which is impracticable, and the members of the Class are so numerous that it is impractical to bring all of them before the Court in this action. Moreover, the amount of damages suffered individually by each member of the Class is so small as to make suit for its recovery by each individual member of the Class economically unfeasible.

35. Class treatment of the claims asserted herein will provide substantial benefit to both the parties and the court system. A well defined commonality of interests in the subject questions of law and fact affects Plaintiffs and all proposed members of the Class.

36. There are common questions of law and fact applicable to the claims asserted on behalf of the Class. These common questions include but are not limited to:

    (a) Whether Plaintiffs and their proposed Class bought their iPhone and/or iPad for personal or family use.

    (b) Whether Defendant's actions represented an unfair business practice prohibited by the Missouri Merchandising Practices Act;

(c)     Whether Defendant concealed, suppressed or omitted the material fact that Defendant would collect and obtained the private location information of Plaintiffs and their proposed Class in connection with the sale and/or advertisement of Plaintiffs' mobile computing device.

(d)     Whether Plaintiffs and their proposed Class incurred damages;

(e)     Whether Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

These questions of law and fact predominate over any questions affecting only individual members of Plaintiffs' class.

37.     Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do not have any interest antagonistic to those of the Class. Plaintiffs have retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because members of the Class number in the thousands and individual joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiffs' claims is manageable.

39.     Unless a class is certified and a class-wide injunction is issued, Defendant will continue to illegally collect and obtain the private location information of Plaintiffs and their proposed Class.

40. This action is maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## Cause of Action

41. Plaintiffs and their proposed Class bought their iPhone and/or iPad for personal and/or family use.

42. Missouri's Merchandising Practices Act prohibits:

> [t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

VAMS § 407.020.

43. By surreptitiously installing a program on the mobile computing devices of Plaintiffs and their proposed class that recorded their location, Defendant Apple engaged in an unfair business practice.

44. Defendant concealed, suppressed or omitted the material fact that Defendant would collect and obtained the private location information of Plaintiffs and their proposed Class in connection with the sale and/or advertisement of Plaintiffs' mobile computing device.

45. As a direct and proximate result of Defendant's actions, Plaintiff and the putative Class incurred damages in excess of $5,000,000.00.

46. Defendant's actions were intentional, malicious and corrupt to such a degree to support an award of punitive damages.

    **WHEREFORE**, Plaintiffs pray for the relief set forth in their Prayer For Relief.

VII. **REQUEST FOR RELIEF**

Plaintiffs and their proposed Classes pray for an Order and Judgment against Defendant:

(a) Certifying the Classes as requested herein;

(b) Entering an order appointing MONTROY LAW OFFICES, LLC and HOLLORAN WHITE SCHWARTZ & GAERTNER LLP as lead counsel for the Classes;

(c) Grant Plaintiffs a jury trial on all jury trialable Counts;

(d) Enjoining Defendant from obtaining, recording and transferring the private location information of Plaintiffs and their proposed Classes;

(e) Awarding Plaintiffs and members of the proposed Classes damages for their losses and injuries;

(f) Awarding exemplary and punitive damages in an amount to be determined at trial;

(g) Awarding pre-judgment interest;

(h) Awarding post judgment interest;

(i) Awarding attorneys' fees and costs; and,

(j) Providing such further relief as may be fair and reasonable.

Respectfully submitted,

MONTROY LAW OFFICES, LLC

/s Christian G. Montroy
Christian G. Montroy #57121
1136 Washington Ave
Suite 908
St. Louis, MO 63101
Ph.: 314.853.1767
Fax:314. 558-9161
cmontroy@montroylaw.com

Attorney for Plaintiffs.

11